<hr />

### Ex parte WESTBROOK et al.

(District Court, S. D. Florida. April 5, 1918.)

1. COMMERCE ⊚⟶16—"INTERSTATE COMMERCE"—WHAT CONSTITUTES.
    Transportation of intoxicants by automobile from one state to another is "interstate commerce."
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

2. INTOXICATING LIQUORS ⊚⟶138—TRANSPORTATION—"INTERSTATE COMMERCE" —OFFENSES.
    Under the Reed and Jones amendment to the Post Office Appropriation Bill of 1917 (Act March 3, 1917, c. 162, 39 Stat. 1058, 1069) § 5, declaring that whoever shall order, purchase, or cause intoxicating liquors to be transported in interstate commerce into any state or territory, the laws of which state or territory prohibit the manufacture or sale therein of intoxicating liquors for beverage purposes, shall be punished, defendants, who procured liquor in Florida, loaded it into a motorcar, and started to carry the same into Georgia, must be deemed guilty of violation of some of the provisions of the act; the transportation of the liquor being interstate commerce, even though defendants were arrested before they had driven two miles.

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3.** CRIMINAL LAW ⟷238—TRIAL—PRELIMINARY EXAMINATION.

    On preliminary examination before United States commissioner, where the evidence shows probable cause that the offense charged was committed, he is warranted in holding defendants.

At Law. In the matter of the application of Leon Charles Westbrook and George Lee for writ of habeas corpus. Writ discharged.

William A. Hallowes, Jr., and Miles W. Lewis, both of Jacksonville, Fla., for petitioner.

Fred Botts, Asst. U. S. Atty., of Jacksonville, Fla., opposed.

CALL, District Judge. This case is to be decided upon the following facts appearing from the evidence before the commissioner:

Liquor was procured from a dealer in Jacksonville, loaded into an automobile, and started on its way to Albany, Ga., the automobile being driven by one of the defendants; the other residing with him and admitting the ownership of the liquor to be in his father. After having proceeded about a mile and a half, the arrest was made.

The petitioners claim that here was an attempt only, and not the consummated crime charged in the affidavit.

[1, 2] The government claims that it was a consummated violation of the Reed and Jones amendment to the Post Office Appropriation Bill of 1917.

Section 5 of the act is as follows:

    "Whoever shall order, purchase, or cause intoxicating liquors to be transported in interstate commerce * * * into any state or territory the laws of which state or territory prohibit the manufacture or sale therein of intoxicating liquors for beverage purposes, shall be punished," etc.

This act seems to punish whoever shall "order" intoxicating liquors to be transported in interstate commerce, or whoever shall "purchase" such liquors for that purpose, or whoever shall "cause" such liquors to be so transported.

Now, if transportation by automobile from one state to another is in interstate commerce, and this seems to be the law, then the testimony before the commissioner was sufficient to hold the defendants on one, if not all, the prohibitions contained in the act. If they did not order or purchase, they were causing the transportation of the liquor at the time of their arrest.

[3] This matter was before the commissioner, who is only required to find probable cause from the evidence, and I think the evidence fully sustains this finding.

The writ of habeas corpus will therefore be discharged.