## TACON v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 15, 1921.)

No. 3503.

1. **Intoxicating liquors** ⊙⊸**138—Offense complete on purchase for transportation.**

Under Act March 3, 1917 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 8739a), making it an offense to order or purchase intoxicating liquors for the purpose of being transported in interstate commerce, as well as for transporting such liquors into state commerce, the offense of purchasing is complete on purchase for the purpose of transportation, and an indictment therefor need not allege the liquors were actually transported.

2. **Intoxicating liquors** ⊙⊸**223 (4)—Evidence held not to show a variance.**

In a prosecution for purchasing intoxicating liquors for transportation to a named town in Alabama, testimony by an Alabama sheriff that he seized the liquor at a town of that name in Louisiana was manifestly a mistake, since the sheriff would not be acting outside of the state, and standard maps showed that town was located in Alabama, so that the testimony does not establish a variance.

3. **Conspiracy** ⊙⊸**43 (12)—Proof of one overt act is sufficient.**

In a prosecution for conspiracy, the government need not prove all overt acts alleged in the indictment; but it is sufficient if it established any one of the acts alleged.

4. **Conspiracy** ⊙⊸**41, 47—Act of one conspirator is the act of both; evidence held to show joint purchase of liquor as alleged overt act.**

In a prosecution for conspiracy to purchase intoxicating liquors for transportation in interstate commerce, which alleged as one overt act joint purchase by two defendants, evidence that one of the named defendants gave the order for the liquor, and that the other paid therefor partly with money of each defendant, sufficiently shows a joint purchase, since it connected both defendants with the act, and in any event the act of either in pursuance of the conspiracy would have been the act of both.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Paul Tacon was convicted of unlawfully purchasing intoxicating liquors for transportation in interstate commerce, and he brings error. Affirmed.

Woodford Mabry and John R. Tyson, both of Montgomery, Ala., for plaintiff in error.

---

⊙⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Henry Mooney, U. S. Atty., and Nicholas Callan, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Plaintiff in error and another were convicted as charged on two consolidated indictments, each containing a single count, one charging that the defendants unlawfully ordered, transported, and caused to be transported in interstate commerce intoxicating liquors, intended to be transported from New Orleans, La., to Bayou La Batre, Ala., and the other charging a conspiracy to order, purchase, and cause the same liquors to be transported from New Orleans, La., to Mobile, Ala.

[1] It is contended that, until the liquor is carried from one state into another, the offense of ordering or purchasing is not complete, and that the first-mentioned indictment is bad, because it only charges that intoxicating liquors were to be transported, and not that they had been. Both indictments are based upon the Act of March 3, 1917, 39 Stat. 1069 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 8739a), which punishes persons who order or purchase for the purpose of being transported, as well as for transporting, intoxicating liquors in interstate commerce. It is therefore not necessary for the indictment to charge or the evidence to show an actual transportation in such commerce. Ex parte Westbrook (D. C.) 250 Fed. 636.

[2] An assignment of error is based upon the contention that, while the indictment charges that Bayou La Batre is in Alabama, yet according to the evidence it is in Louisiana. It is true the bill of exceptions states that the sheriff of Mobile county, Ala., seized the liquor "about two miles from Bayou La Batre, La."; but it is quite evident that Alabama is the state intended. Plaintiff in error was in Mobile, and the jury could reasonably have found that he was there for the purpose of receiving the liquor on its arrival in Alabama. It is not contended that the sheriff of Mobile county, Ala., was making arrests in the state of Louisiana. Besides this Bayou La Batre is shown by standard maps to be in Alabama, instead of in Louisiana, which states are separated by the whole Gulf coast of Mississippi.

[3, 4] The only error assigned in connection with the second named, or conspiracy, indictment is that none of the overt acts was proved. Of course, it was not necessary to prove all the overt acts set forth in the indictment. Proof of one was sufficient. The first overt act charged was that the plaintiff in error and R. A. Chrisman, one of his co-defendants, ordered and purchased certain described liquors on the date stated, from a named individual. The evidence showed that plaintiff in error gave the order, and that Chrisman made payment of the purchase price, partly with his own money and partly with money of plaintiff in error. The basis of the argument is that there was no joint purchase. It is apparent that both defendants connected themselves with the order, purchase, and shipment, although, if only one of them had done so, it would seem that the act of both would have been unlawful, for that it was done in pursuance of a conspiracy thereto formed.

No error is made to appear, and the judgment is affirmed.